# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| **DARRELL T. COKER, SR.; ART & JEWELRY HOUSE, LLC,**<br><br>Plaintiff,<br><br>vs.<br><br>**ROGER DOWD,**<br><br>Defendant. | 2:13-cv-0994-JCM-NJK<br><br>**ORDER**<br><br>Joint Motion to Stay Proceedings (#9) |

Before the Court is the parties' Joint Motion for Stay of All Proceedings. Docket No. 9.

**DISCUSSION**

The Court has inherent power to control its docket, including the discretion to stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). The determination of whether to stay proceedings is best determined by weighing the competing interests of the parties and of the Court. *Id*.

> "Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."

*Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005); citing *Landis*, 299 U.S. at 268.

Here, the parties seek a 60-day stay - until September 9, 2013 - of all proceedings. According to the parties, a stay will help facilitate ongoing settlement negotiations and permit the parties to mediate not only this action, but also a second closely-related action in a global settlement. The second action is a State Court Action filed on July 2, 2013. That Action is

subject to removal and the parties anticipate that if this dispute is not resolved in mediation, the State Court Action will be removed and consolidated with the instant action. Additionally, the parties believe that keeping the current deadlines established by the Court under the Rules and engaging in discovery at this time will be counterproductive to the settlement efforts. Finally, the parties assert, a stay will facilitate settlement by allowing the parties to avoid unnecessary costs.

Having weighed the competing interests, the Court finds that staying the proceedings until September 9, 2013, is appropriate. The parties have shown that they will be prejudiced if this case is required to move forward at this time and, additionally, that a stay will potentially prevent an unnecessary complication in this case. Accordingly, the Court grants the parties' joint request for a stay.

**CONCLUSION**

Based on the foregoing, and good cause appearing therefore,

IT IS ORDERED that the Joint Motion for Stay of All Proceedings (#9) is **GRANTED.**

DATED this   8th   day of July, 2013.

_____
NANCY J. KOPPE
United States Magistrate Judge