# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DARRELL T. COKER, SR., et al. ) | |
| ) | |
| Plaintiff(s), ) | Case No. 2:13-cv-00994-JCM-NJK |
| ) | |
| vs. ) | |
| ) | ORDER DENYING DISCOVERY PLAN |
| ) | (Docket No. 16) |
| ROGER DOWD, ) | |
| ) | |
| Defendant(s). ) | |
| ) | |

This matter is before the court on Plaintiffs' Proposed Discovery Plan and Scheduling Order (Docket No. 16) filed December 30, 2013, which the Court denies without prejudice.

The parties are required to meet and submit a joint proposed order. LR 26-1. While the Court appreciates Plaintiffs' attempt to comply with the Court Order, Docket No. 15, Defendants must comply as well.

LR 26-1(e)(1) establishes 180 days, measured from the date the first defendant answers or otherwise appears, as a presumptively reasonable time to complete discovery. In this case, the first defendant answered on November 4, 2013. (Docket No. 11). Plaintiffs' request, however, 180 days from "the date of this Order."[1] Thus, Plaintiffs request a longer discovery period than 180 days from when the first defendant answered. Accordingly, the Discovery Plan was required to state on its face "SPECIAL SCHEDULING REVIEW REQUESTED" and indicate why longer or different time

---

[1] Plaintiffs provide no explanation for why discovery will not begin until after the Court approves a discovery plan. Pursuant to Fed.R.Civ.P. 26(a)(1)(C), a party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order. Stipulations are not effective until approved by the Court. LR 7-1. Here, the Court has not approved any such delay in discovery.

periods should apply. LR 26-1(d).  Additionally, the proposed discovery plan and scheduling order must have clear deadlines, not open-ended deadlines calculated by the Court's order.

        Finally, Plaintiffs misstate Local Rule 26-4. Requests to extend discovery deadlines must be filed at least 21 days before the expiration of the subject deadline sought to be extended.  The pending proposed discovery plan incorrectly states that dates in the discovery plan and scheduling order may be modified up to 20 days before the discovery cut-off. The revised discovery plan must correctly apply Local Rule 26-4.

        The parties must correct the errors discussed above and provide more adequate reasoning for why a longer period for discovery is necessary, should the parties request longer than 180 days measured from November 4, 2013. The parties are to submit a joint proposed discovery plan and scheduling order no later than January 6, 2013.

        IT IS SO ORDERED.

        DATED this 31st  day of December, 2013.

        _____
        NANCY J. KOPPE
        United States Magistrate Judge