UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DARRELL T. COKER, SR., et al., | |
| Plaintiffs, | 2:13-cv-00994-JCM-NJK |
| vs. | |
| ROGER DOWD, | **O R D E R** |
| Defendant. | (Docket No. 36) |

Pending before the Court is Plaintiffs' Motion to Enforce Settlement Agreement. Docket No. 36. On April 25, 2014, the Court ordered supplemental briefing from the parties. Docket No. 45. The Court has considered Plaintiffs' Motion, Defendant's Response, Plaintiffs' Reply, and both parties' supplemental briefing. Docket Nos. 36, 39, 43, 46, 47. The Court finds this motion appropriately resolved without oral argument. *See* Local Rule 78-2.

## I. BACKGROUND

At issue in this case is Plaintiffs' allegation that the parties settled this matter via a series of text messages in November 2013. Docket No. 36, at 2, 29-31.[1] According to Plaintiffs, the material terms of the settlement were that Defendant would return the disputed painting, and Plaintiffs would pay Defendant $100,000. *Id*. Plaintiffs insist that the parties have complied with the material terms of the settlement and, therefore, the Court should enforce the settlement agreement. *Id*.

Defendant agrees that the parties reached an understanding regarding one painting in dispute, that the painting has been returned to Plaintiffs, and that the $100,000 Defendant paid for a partial interest in the painting has been returned to him. Docket No. 39, at 4. Defendant asserts, however, that material terms of the agreement were not addressed in the text messages between the parties,

---

[1] Plaintiffs attached the relevant text messages between the parties to their motion. Docket No. 36, at 21-27.

1  as they anticipated doing so in a formal written agreement. *Id*., at 12.[2] Defendant further asserts that
2  the parties contemplated settling both the instant case and a related state matter in a global resolution
3  through their text messages. *Id*. According to Defendant, the agreement also included a requirement
4  that Plaintiffs provide Defendant with 600 lithographs with Certificates of Authenticity, and that
5  Plaintiffs did not, in fact, have these 600 lithographs they had promised to provide. *Id*. In support
6  of this contention, Defendant attaches a March 26, 2014, letter from Plaintiffs' counsel to his
7  counsel, wherein Plaintiffs' counsel states, "I have spoken with my client and he would like to settle
8  this matter once and for all. My client will pay to [Defendant] the sum of $80,000.00 instead of the
9  lithographs, for the return of every item of art in his possession, that is disputed between the
10 parties..." Docket No. 39-9, at 2. As such, Defendant argues that no settlement agreement existed
11 between the parties and the Court should deny Plaintiffs' motion. Docket No. 39, at 12.

12       In Reply, Plaintiffs argue that Defendant made an offer for global settlement of the instant
13 case and the related state court case, as shown by the text messages between the parties. Docket No.
14 43, at 1. Plaintiffs state that, in response to this offer, they paid substantial consideration and,
15 therefore, the parties have settled. *Id*., at 2. Plaintiffs also argue, in supplemental briefing, that "[i]t
16 is clear that there is an agreement, consideration of $100,00 was paid, and now Dowd is attempting
17 to simply steal the $100,000." Docket No. 46, at 2.

18       In supplemental briefing, Defendant emphasizes that the alleged agreement was never
19 reduced to writing. Docket No. 47. Specifically, Defendant states that attempts were made between
20 the parties to agree upon a written settlement agreement, but that the parties could never reach
21 agreement on the terms of the written agreement, such that a written settlement agreement was never
22 executed. *Id*., at 3. Defendant argues that, since the agreement was never reduced to writing or
23 entered into court minutes following a stipulation, the motion must be denied pursuant to Nevada
24 law. *Id*., at 3-4.

25 . . . .

26 . . . .

27
28     [2]Defendant attached all text messages between Plaintiff Coker and Defendant between the dates of November 1, 2013 and February 24, 2014, to his response. Docket No. 39-12, at 2-146.

## II. DISCUSSION

The court has inherent authority under federal law to enforce a settlement agreement in an action pending before it. *Callie v. Near*, 829 F.2d 888, 890 (9th Cir.1987); *TNT Marketing, Inc. v. Agresti*, 796 F.2d 276, 278 (9th Cir.1986) (citations omitted); *see also Marks–Foreman v. Reporter Pub. Co.*, 12 F.Supp.2d 1089, 1092 (S.D.Cal.1998) (citations omitted).

The "construction and enforcement of settlement agreements are governed by principles of local law," even where the underlying cause of action is federal." *Jones v. McDaniel*, 717 F.3d 1062, 1067 (9th Cir. 2013) (citations omitted). In Nevada, a "settlement agreement is a contract," and "its construction and enforcement are governed by principles of contract law." *May v. Anderson*, 119 P.3d 1254, 1257 (Nev. 2005). Nevada law requires "an offer and acceptance, meeting of the minds, and consideration" to constitute an enforceable contract. *Id*. "A valid contract cannot exist when material terms are lacking or are insufficiently certain and definite" for a court "to ascertain what is required of the respective parties" and to "compel compliance" if necessary. *May*, 119 P.3d at 1257. *See also Certified Fire Prot., Inc. v. Precision Constr., Inc.*, 283 P.3d 250, 255 (Nev. 2012) ("A meeting of the minds exists when the parties have agreed upon the contract's essential terms").

Where material facts concerning the terms or existence of a settlement agreement are disputed, the parties are entitled to an evidentiary hearing. *Callie*, 829 F.2d at 890. The Court may decide not to hold an evidentiary hearing if neither party requests or indicates that a hearing is necessary to settle disputed material facts. *Bank of the W. v. Great Falls Ltd. P'ship*, 2011 WL 5102244, *2 (D. Nev. Oct. 25, 2011).

Here, Plaintiffs repeatedly requested an evidentiary hearing. *See* Docket No. 36, at 3 ("This motion is ripe for hearing"); Docket No. 43 at 1 ("A hearing is warranted..."); Docket no. 46, at 2 ("at the very minimum, an evidentiary [hearing] is required"); *Id*., at 4 ("this court should find the existence of the settlement agreement and either summarily enforce, or have an evidentiary hearing to determine the terms").[3]

. . . .

---

[3] Defendant, on the other hand, specifically stated that he believed no evidentiary hearing was required to decide the motion to enforce. Docket No. 47, at 4.

- 3 -

1    Therefore, because of Plaintiffs' requests for an evidentiary hearing, and because the material
2 facts and circumstances surrounding this matter were in dispute, the Court set an evidentiary hearing
3 on Plaintiffs' motion for May 27, 2014.  Docket No. 48.  At the date and time set for the evidentiary
4 hearing, Plaintiffs' counsel, Defendant's counsel and Defendant were present.  Docket No. 51.
5 Plaintiff Coker, however, was not present.  *Id*.  Plaintiffs' attorney represented that Plaintiff Coker
6 could come to court within a set period of time, so the Court recessed to allow Plaintiff Coker to
7 arrive.  *Id*.  When that time had passed, Plaintiffs' counsel represented that Plaintiff represented to
8 him that he had an emergency and could not be present in person; however, he asked the Court to
9 allow him to appear telephonically.  Defendant objected, and the Court denied this request.  *Id*.
10 Plaintiffs, having no evidence to present, rested.  *Id*.  Defendant rested, and the matter was submitted
11 to the Court.  *Id*.

12    The Court set the evidentiary hearing in this matter because the terms and validity of the
13 purported settlement agreement were still "clearly" in dispute, after all briefing had been filed.
14 Docket No. 48.  No evidence was presented at the evidentiary hearing that would allow the Court
15 to determine whether the parties agreed on the essential terms of the settlement agreement and, thus,
16 whether a meeting of the minds occurred and an enforceable contract was created.  *See Certified Fire*
17 *Prot., Inc.*, 283 P.3d at 255;  *May*, 119 P.3d at 1257.  *See also Grisham v. Grisham*, 289 P.3d 230,
18 236 (Nev. 2012) (Court must determine whether parties have described essential obligations in
19 sufficiently definite and certain terms to create an enforceable contract).

20    Accordingly,

21    IT IS HEREBY ORDERED that Plaintiffs' Motion to Enforce Settlement Agreement, Docket
22 No. 36, is DENIED.

23    DATED this 13th day of June, 2014.

24

25

26    _____
    NANCY J. KOPPE
27    United States Magistrate Judge

28

- 4 -